UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JANETT HERNANDEZ | ) | CASE NO. EDCV 10-1539 SVW (JCG) |
| Petitioner, | ) | ORDER ACCEPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE AND DENYING CERTIFICATE OF APPEAL ABILITY |
| v. | ) | |
| JAVIER CAVAZOS, Warden, | ) | |
| Respondent. | ) | |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the Magistrate Judge's Report and Recommendation, and the remaining record.  Petitioner filed no objections to the Report and Recommendation.  The Court agrees with and accepts the Magistrate Judge's Report and Recommendation.  However, in reviewing the Court of Appeals' determination that there was overwhelming evidence of Petitioner's guilt for special circumstances murder, this Court was unclear as to whether the Court of Appeals was referring to the underlying rape or kidnaping in reaching this determination.  Based on its review of the record, the Court agrees that there was sufficient evidence to support a jury instruction and conviction of special circumstances as to the kidnaping.

Under California law, in order to find an accomplice who is not the actual killer guilty of special circumstances felony murder, the jury must find that the accomplice either acted with intent to kill or was a major participant in the underlying felony and acted with reckless indifference to human life.  Cal. Penal Code § 190.2(c),(d); People v. Estrada, 11 Cal. 4th 568, 575 (1995).

The Ninth Circuit has identified several factors that a court can considering in determining whether an individual was a "major participant" in the underlying felony: (1)whether the individual helped plan the underlying crimes; (2)whether she provided a weapon used during the commission of the felony; (3)whether she made no effort to assist the victim after the shooting; (4) whether she helped the perpetrator flee; and (5) whether she continued in the criminal venture after the murders were committed.  Dickens v. Ryan, 688 F.3d 1054,1061 (9th Cir. 2012).  Moreover, California courts have found the major participant requirement met where a defendant was one of only two individuals involved in the underlying robbery, facilitated the shooter's escape, and assisted the shooter after the victim was shot. See People v. Hodgson, 111 Cal. App. 4th 566, 580 (Cal. Ct. App. 2003).

Here, there was substantial evidence that Petitioner was a major participant in the underlying kidnaping.  As Petitioner admitted in her confession, she was one of only two individuals involved in carrying out the kidnaping.  She retrieved the gun used during the kidnaping from a house and kept it with her throughout the crime.  She later gave

2

the gun to her co-defendant-the individual who shot the victim-during
the course of the kidnaping.  After her co-defendant shot the victim,
Petitioner made no effort to assist the victim, but rather fled with
the shooter.  She then assisted the shooter to get rid of the evidence.
Thus, Petitioner was a major participant in the underlying kidnaping.

Moreover, the record contained substantial evidence that
Petitioner acted with reckless indifference to human life.  In
determining whether a defendant acted with "reckless indifference to
human life," the relevant inquiry is whether the defendant "acted with
awareness of an extreme likelihood the victim could be killed and with
reckless indifference to that consequence."  People v. Bustos, 23 Cal.
App. 4th 1747, 1754 (Cal. Ct. App. 1994).  Thus, in Bustos, the court
found there was sufficient evidence to support a jury finding that the
defendant had acted with reckless indifference to human life during the
commission of a robbery.  Specifically, the court relied on the fact
that the defendant admitted knowing about and seeing the knife that was
used to stab the victim, watched his accomplice stab the victim, never
claimed to have been surprised that the accomplice had a knife or used
it, did not attempt to prevent the accomplice from stabbing the victim,
and fled with the accomplice leaving the victim to die.  Id.  This
admission was sufficient to support a finding of reckless indifference
to human life.

Here, Petitioner admitted to retrieving the gun from the house,
knowing that her co-defendant had already raped the victim once and had
been driving the victim around for a significant time.  Petitioner also

3

admitted to pointing the gun at the victim and pulling the trigger (although the gun did not work), after her co-defendant told her to kill the victim.  Finally, she handed the gun to her co-defendant after she pulled the trigger.  Petitioner never attempted to prevent her co-defendant from using the gun and fled with him, leaving the victim to die.  There was thus overwhelming evidence that the Petitioner was aware of the extreme likelihood the victim could be killed and acted with reckless indifference to that consequence.

Accordingly, IT IS ORDERED THAT:

1.   The Report and Recommendation is accepted;

2.   Judgment be entered denying the Petitioner and dismissing this action with prejudice; and

3.   The Clerk serve copies of this Order on the parties.

Additionally, for the reasons stated in the Report and Recommendation, the Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right.  See 28 U.S.C. § 2253; Fed. R. App. P. 22(b); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  Thus, the Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

DATED: 4/23/13

_____
THE HON. STEPHEN V. WILSON

UNITED STATES DISTRICT JUDGE

4